# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3663 | **DATE** | 10/17/2002 |
| **CASE TITLE** | ANDREW GALE vs. HYDE PARK BANK | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Gale's complaint fails to plead a cause of action. Accordingly, defendant's motion to dismiss is granted, and Gale's complaint is dismissed without prejudice. In light of this ruling, defendant's motion to strike is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | OCT 1 8 2002 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ANDREW GALE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　No. 02 C 3663
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Judge John W. Darrah
HYDE PARK BANK,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)

### MEMORANDUM OPINION AND ORDER

Plaintiff, Andrew Gale ("Gale"), filed a *pro se* complaint against Defendant, Hyde Park Bank, alleging a violation of 15 U.S.C. §1693 *et al.* Presently pending before the Court is Defendant's Motion to Dismiss and to Strike.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is only warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

On December 3, 2001, Gale used his debit card to make a purchase with a merchant, The College of Office. The amount of the transaction was $352.35. Defendant failed to process the transaction at that time and failed to notify Gale of any error in the transaction. Gale contacted the vendor to verify that he had received payment, and he was informed that payment had been received. On April 3, 2002, the vendor submitted another request for payment to Defendant. Defendant paid the request without the knowledge and consent of Gale.

*15*

Plaintiff alleges that Defendant had in its possession a request for a transfer of funds for the December 2001 purchase, but it failed to transfer the funds. Defendant further failed to provide an adequate explanation for its failure to pay the request. He also alleges that the "evidence suggests some type of collusion with other parties, possibly the government because of plaintiff's long history of social activism."

Gale attached several exhibits to his Complaint which support the following additional facts.

Gale's bank statement for transactions occurring between November 16, 2001 and December 14, 2001, does not include an entry for the amount of $352.35. The $352.35 was transferred from Gale's account once, in April 2002.

On April 9, 2002, Gale submitted a request to Defendant for an explanation for the error since his account now had a negative balance and he was being charged overdraft charges.

On April 12, 2002, Defendant responded to Gale's inquiry. Defendant informed Gale that debit card purchases are not returnable and must be posted to an account. The delay in this transaction may have been caused by any number of reasons. The merchant may have delayed submitting the purchase to VISA or the item may have been lost or may have been rejected by the system for one reason or another and needed to be reconciled before submission. The delay in the instant transaction was between the merchant and VISA. Furthermore, regulation allows 120 days for a debit card item to be posted to an account. The authorization for the December 3rd purchase is a temporary hold only and may or may not be followed by an actual purchase. Therefore, Defendant did not post anything until VISA sent a debit.

On April 16, 2002, Gale filed a complaint with the Federal Deposit Insurance

Corporation ("FDIC") regarding the December/April transaction. Defendant responded to the FDIC, stating that Gale authorized a transaction in the amount of $352.32, using his debit card in December 2001. On April 3, 2002, the $352.35 transaction was posted to Gale's account, causing an overdarft. Defendant had no indication that this was an old transaction that had never been posted.

On April 18, 2002, Defendant informed Gale via letter that a provisional credit in the amount of $352.35 had been credited to his checking account.

On May 14, 2002, Defendant responded to additional inquiries by Gale via e-mail. Defendant informed Gale that no agency had asked Defendant to monitor his credit and that such a request by a federal agency would be inappropriate. Defendant also informed Gale that the transaction in question was processed electronically and that Defendant does not review them for dates of authorization because the authorization is granted by the consumer to the creditor. Defendant had no way of knowing about the delay in the transaction until it was brought to the Defendant's attention, and it conducted an investigation.

Defendant argues that Gale's Complaint should be dismissed because it fails to state a claim. In response, Gale argues that several aspects of Defendant's conduct violated 15 U.S.C. § 1693. Gale first argues that Defendant did not inform him of all the rules governing the use of his debit card on an annual basis. There are no allegations in the Complaint, including its exhibits, that Defendant failed to properly send any required annual information. Gale cannot amend his complaint via a response to a motion to dismiss. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Gale also alleges that the funds were not timely transferred. Section 1693h states that a

3

financial institute is liable for damages proximately caused by the financial institution's failure to make an electronic fund transfer in a timely manner when properly instructed to do so by the consumer. 15 U.S.C. § 1693h. In his Complaint, Gale alleges that he made a request to Defendant to transfer funds to a merchant in December 2001 and that Defendant did not make such transfer. Subsequently, Defendant received a request for transfer of funds in April 2002 to the same merchant; this transfer was made. These allegations support Gale's claim under Section 1693h. However, the exhibits that Gale attached to his Complaint negate these allegations. If a plaintiff attaches documents to his complaint and relies upon such documents for the basis of his claim or part of a claim, dismissal is appropriate if the documents negate the claim. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

The exhibits attached to Gale's Complaint show that Defendant was not made aware of the transaction between Gale and the merchant until April 2002. At that time, Defendant had no knowledge that the actual transaction took place in December 2001 and that the merchant was tardy in submitting the authorized purchase. Upon Gale's notification of the delay, the Defendant immediately undertook an investigation and credited Gale's account the disputed amount and all fees associated with the transaction. Defendant also timely responded to all of Gale's inquiries as well as Gale's complaint to the FDIC. These exhibits negate Gale's claim that Defendant was aware of the request to transfer funds in December 2001 and that it failed to process such transaction. They also negate that Defendant failed to timely transfer funds after receiving an authorized request for such transfer. The Defendant was unaware of the delay in the merchant's submission of the transaction and was unable to have knowledge of the delay absent notification by Gale and the undertaking of an investigation. Accordingly, Gale has not

4

stated a claim under Section 1693h.

Gale also alleges that the Defendant failed to conduct an investigation of the error and provide proof of records of its investigation. It also "blindly accepted" the April request for a transfer without checking to see if it was authorized.

The exhibits attached to Gale's Complaint negate these allegations. The Defendant made a timely investigation and provided Gale with the information known to it. Defendant assisted Gale in further investigating the transaction by providing explanations of how debit card transactions proceed and information about VISA. Furthermore, the April request for a transfer of funds was authorized by Gale. It was authorized in December 2001 but not submitted to Defendant until April 2002.

Lastly, Gale argues that Defendant knowingly had an error in his account but took no responsibility for it and tried to blame him for the error. Again, the exhibits attached to Gale's Complaint negate this allegation. The exhibits demonstrate that the Defendant timely responded to Gale's notice that something was wrong with the April 2002 transaction, investigated the problem, and timely credited Gale's account his monies. The Defendant's actions are consistent with those required by statute. *See* 15 U.S.C. § 1693f.

For the foregoing reasons, Gale's Complaint fails to plead a cause of action. Accordingly, Defendant's Motion to Dismiss is granted, and Gale's Complaint is dismissed without prejudice. In light of this ruling, Defendant's Motion to Strike is denied as moot.

Dated: 10 - 17 - 02

JOHN W. DARRAH
United States District Judge

5