

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANDREW GALE,                          )
                                      )
                    Plaintiff,        )
                                      )         **Judge John W. Darrah**
        v.                            )
                                      )         **Case No. 02 C 3663**
HYDE PARK BANK,                       )
                                      )
                    Defendant.        )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Andrew Gale, filed suit against Defendant, Hyde Park Bank, alleging

violation of the Electronic Fund Transfer Act, specifically, 15 U.S.C §§ 1693h, 1693b

and 1693g. In October 2002, Plaintiff's claim was dismissed for failure to state a claim

upon which relief can be granted. In September 2004, the Seventh Circuit remanded for

consideration of Plaintiff's claims under § 1693f of the Electronic Funds Transfer Act and

the corresponding regulations. *Gale v. Hyde Park Bank,* 384 F.3d 451 (7th Cir. 2004).

In November 2005, in a case unrelated to the present, Plaintiff was sanctioned in

the amount of $500.00 for filing repeated frivolous lawsuits. A filing bar was also levied

against Plaintiff, restricting him from the further filing of any documents within the

Seventh Circuit until the $500.00 is paid. *Gale v. Williams*, No. 05-3003, 2005 WL

3036411 (7th Cir. 2005) (*Gale*). Subsequently, an Executive Committee Order reflecting

this ruling was issued by the United States District Court for the Northern District of

Illinois, Eastern Division. *Matter of Gale,* No. 05 C 7024 (N.D. Ill. 2005). Accordingly,

Plaintiff did not file a response to Defendant's proposed undisputed statement of material

facts as the $500 sanction has yet to be paid. Therefore, all the material facts averred by

Defendant are deemed admitted. *See Oates v. Discovery Zone,* 116 F.3d 1161, 1167 (7th Cir. 1997; L.R. 56.1 (b)(3)(B). However, Defendant's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson,* 35 F.3d 1104, 1112 (7th Cir. 1994).

## FACTS

Plaintiff maintained a checking account with Defendant. (Def.'s 56.1(a)(3) Statement ¶ 4). It was Defendant's policy to issue monthly statements for checking accounts held with Defendant. On December 5, 2001, using his checking account card issued by Defendant, Plaintiff purchased a computer from The College of Office Technology (herein "merchant") for the amount of $352.35. During the week of December 17, 2001, Defendant issued and mailed to Plaintiff's address a monthly statement for the period of November 15 through December 14, 2001. (Id., ¶ 29). The December 5 purchase is not reflected on this statement. (Id., ¶ 6). This transaction was electronically presented to Defendant as current on April 3. 2002, causing Plaintiff's balance to be overdrawn. (Id., ¶ 7).

On April 8, 2002, upon learning of his overdrawn bank account, Plaintiff sent an email to Defendant, the subject of which was Plaintiff's "recent problem that [he] experienced with [his] bank debit card." This email did not contain his account number or the specific transaction(s) of which he complained. (Def.'s 56.1(a)(3) Statement ¶ 8). One day later, on April 9, 2002, Angelique Calvert, an employee of Defendant, responded to Plaintiff's email, stating that Plaintiff's concerns will be forwarded to the ATM department for review and that he will be contacted as soon as answers to the

2

problem are discovered. (Id., ¶ 10). On April 11, 2002, Plaintiff sent an email to the FDIC, complaining of the problem. In the email, Plaintiff made reference to the fact that he assumed the money from the December 5, 2001 transaction had been debited from his account; and, at the time of the transaction, his account had sufficient funds to satisfy the purchase. (Id., ¶ 11-13).

On April 12, 2002, Plaintiff received correspondence regarding his problem from Calvert and from the FDIC by email and letter, respectively. Calvert informed Plaintiff that checking account card purchases must be posted to the customer's account and that the delay in the transaction could have been caused by a variety of reasons external to Defendant. (Def.'s 56.1(a)(3) Statement ¶¶ 14,15). Also, the FDIC informed Plaintiff that they will contact Defendant to gain further information and investigate the matter. (Id., ¶ 15). Defendant subsequently provided information to the FDIC, including, but not limited to, notification that Plaintiff's overdraft fees had been refunded. On April 18, 2002, an employee of Defendant sent a letter to Plaintiff, notifying him that his account had been credited $352.35. (Id., ¶¶ 18-19).

The correspondence between Plaintiff and Defendant continued into the summer of 2002. On, May 9 2002, Yona Ferris, an employee of Defendant, per Plaintiff's request, provided Plaintiff with a general information number so that he could inquire into VISA's role in the transaction. (Def.'s 56.1(a)(3) Statement ¶ 22). She also again informed Plaintiff that his account had been credited $352.35. (Id., ¶ 23). In a subsequent correspondence, dated May 14, 2002, Ferris, upon inquiry by Plaintiff, informed Plaintiff that Defendant does not review the authorization dates of charges and

3

had no way of knowing that a problem existed until Plaintiff brought it to the attention of Defendant. (Id. ¶ 24). On May 30, 2002, Plaintiff initiated this lawsuit in federal court. (Id. ¶ 26).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.,* 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago,* 267 F.3d 723, 729 (7th Cir. 2001).

Defendant argues that summary judgment is appropriate because Plaintiff failed to notify Defendant of the problem with his account within sixty days of receiving a bank statement, as required under 15 U.S.C § 1693f.

A bank customer must notify his or her bank that an account error exists within sixty days of receiving a bank statement or other notification. *McCray v. Susquehanna Bank,* 2004 WL 3661390, *4 (D. Md., 2004); *aff'd McCray v. Susquehanna Bank,* 2005 WL 518268 (4th Cir. 2005); *Overby v. Chase Manhattan Bank & J.P. Morgan Chase,* 351 F. Supp. 2d 219, 225 (S.D.N.Y. 2005) (*Overby*). In the present case, in the week of December 17, 2001, Defendant issued and mailed to Plaintiff's address a monthly

4

statement for the period of November 15 through December 14, 2001; this statement covered the December 5 date in which Plaintiff made the transaction in question. It was Plaintiff's duty to notify Defendant, within sixty days of receiving the bank statement that was mailed the week of December 17, 2001, that the December 5th transaction had not been debited from his account. *See Overby*, 351 F. Supp. 2d at 225; *see also McPartlin v. Commission of the Internal Revenue Service*, 653 F.2d 1185, 1191 ("The law presumes delivery of a properly addressed piece of mail."). However, Plaintiff failed to comply with 15 U.S.C. § 1693f by failing to notify Defendant of the problem until April 8, 2002, almost two months after the required sixty-day period had expired.

Defendant further argues, in the alternative, that summary judgment is appropriate because Plaintiff failed to notify Defendant in the matter provided under 15 U.S.C. § 1693f(a). Subsection (1) of 15 U.S.C. § 1693f(a) states that a customer who wishes to dispute banking activity must provide their bank with oral or written notice that "sets forth or otherwise enables the financial institution to identify the name and account number of the consumer." Here, Defendant argues that Plaintiff did not meet this requirement because Plaintiff failed to reference his account number in his April 8, 2002 email to Plaintiff. While this is true, Plaintiff still satisfied this subsection of 15 U.S.C. § 1693 f(a)(1). This subsection requires Plaintiff to only provide information that would allow Defendant to identify his name and account number. Plaintiff's name was indicated on the email, and this allowed Defendant to ascertain his account number. Put simply, Plaintiff provided Defendant with enough information to sufficiently enable discovery of Plaintiff's name and account number because Defendant was able to determine Plaintiff's account number, as well as the transaction in question.

Subsection (2) of 15 U.S.C § 1693f(a) also requires Plaintiff to notify Defendant of his belief that an error existed and the amount of such error. Defendant argues that Plaintiff did not satisfy this subsection because he failed to specifically identify the error. However, the statute only requires notification that an error exists; it does not require identification of the error with any degree of specificity. *See* 15 U.S.C. § 1693f(a)(2) However, Plaintiff did not notify Defendant of the amount of the error, as required by Section 1693f(a)(2).

Lastly, Defendant argues that summary judgment is appropriate because Defendant sufficiently investigated and explained to Plaintiff that no error occurred, as required by 15 U.S.C 1693f. A financial institution "shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. 15 U.S.C § 1693 f(a). Here, Plaintiff was sent a response to his April 8, 2002 email within four business days. Further, the response indicated that an investigation had occurred and that the delay in the debiting of his account was caused by the merchant and/or VISA, not Defendant. Additionally, though not required to do so, Plaintiff was issued a credit by Defendant to cover the transaction and any overdraft fees.

No genuine issue of material fact exists with regards to any claim Plaintiff may have pursuant to 15 U.S.C. § 1693f. Plaintiff's notification to Defendant did not comply with the statute because he failed to provide timely and sufficiently detailed notification. Additionally, even if this were not the case, Defendant sufficiently complied with the statute by investigating Plaintiff's claim, properly informing Plaintiff of the investigation, and, though not required to, crediting Plaintiff's account.

6

Though Plaintiff did not cite to 12 C.F.R. §§ 205.7(b)(10), 205.8(b) or 205.11 in his Amended Complaint, the Seventh Circuit specifically identified these regulations as possible claims that could "be read" into Plaintiff's Amended Complaint. *Gale*, 384 F.3d at 453. Defendant has not addressed these possible claim(s). Thus, any claim(s) that Plaintiff may have pursuant to 12 C.F.R. §§ 205.7(b)(10), 205.8(b) and 205.11 remain.

For the foregoing reasons, Defendant's Motion for Summary Judgment with regards to Plaintiff's claims under 15 U.S.C. § 1693f is granted. Defendant is granted leave to file a motion for summary judgment as to the possible remaining claims, 12 C.F.R. §§ 205.7(b)(10), 205.8(b) and 205.11, within thirty days of this order.

Dated: February 14, 2007

JOHN W. DARRAH
United States District Court Judge

7