UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW GALE,<br><br>Plaintiff,<br><br>v.<br><br>HYDE PARK BANK,<br><br>Defendant. | Judge John W. Darrah<br><br>Case No. 02 C 3663 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Andrew Gale, filed suit against Defendant, Hyde Park Bank, alleging violation of the Electronic Fund Transfer Act, specifically, 15 U.S.C. §§ 1693h, 1693b, and 1693g. In October 2002, Plaintiff's claim was dismissed for failure to state a claim upon which relief can be granted. In September 2004, the Seventh Circuit remanded for consideration of Plaintiff's claims under § 1693f of the Electronic Funds Transfer Act and the corresponding regulations. *Gale v. Hyde Park Bank*, 384 F.3d 451 (7th Cir. 2004). In February 2007, summary judgment against Plaintiff on claims brought under § 1693f was granted; and Defendant was granted leave to file a motion for summary judgment for the remaining claims brought under 12 C.F.R. § 205.7(b)(10), 205.8(b), and 205.11. Presently pending before the Court is Defendant's Motion for Summary Judgment as to the remaining claims.

In November 2005, in a case unrelated to the present case, Plaintiff was sanctioned in the amount of $500.00 for filing repeated frivolous lawsuits. A filing bar was also levied against Plaintiff, restricting him from the further filing of any documents within the Seventh Circuit until the $500.00 is paid. *Gale v. Williams*, No. 05-3003, 2005 WL 3036411 (7th Cir. 2005) (*Gale*). Subsequently, an Executive Committee Order reflecting this ruling was issued by the

United States District Court for the Northern District of Illinois, Eastern Division. *Matter of Gale*, No. 05 C 7024 (N.D. Ill. 2005). Plaintiff could not file a response to Defendant's proposed undisputed statement of material facts because the $500 sanction has not been paid. Therefore, all the material facts averred by Defendant are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1 (b)(3)(B). However, Defendant's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Plaintiff maintained a checking account with Defendant. (Def.'s 56.1(a)(3) Statement ¶ 4). It was Defendant's policy to issue monthly statements for checking accounts held with Defendant. (Def.'s 56.1(a)(3) Statement ¶ 29).

On December 5, 2001, using his checking account card issued by Defendant, Plaintiff purchased a computer from the College of Office Technology (herein "merchant") for the amount of $352.35. During the week of December 17, 2001, Defendant issued and mailed to Plaintiff's address a monthly statement for the period of November 15 through December 14, 2001. (Def.'s 56.1(a)(3) Statement ¶ 29). The December 5 purchase was not reflected on this statement. (Id., ¶ 6). This transaction was electronically presented to Defendant as current on April 3, 2002, causing Plaintiff's balance to be overdrawn. (Id., ¶ 7).

On April 8, 2002, upon learning of his overdrawn bank account, Plaintiff sent an email to Defendant, the subject of which was Plaintiff's "recent problem that [he] experienced with [his] bank debit card." This email did not contain his account number or the specific transaction(s) of which he complained. (Def.'s 56.1(a)(3) Statement ¶ 8). One day later, on April 9, 2002, Angelique Calvert, an employee of Defendant, responded to Plaintiff's email, stating that

Plaintiff's concerns would be forwarded to the ATM department for review and that he would be contacted as soon as answers to the problem were discovered. (Id., ¶ 10). On April 11, 2002, Plaintiff sent an email to the Federal Deposit Insurance Corporate ("FDIC"), complaining of the problem. In the email, Plaintiff made reference to the fact that he assumed the money from the December 5, 2001 transaction had been debited from his account; and, at the time of the transaction, his account had sufficient funds to satisfy the purchase. (Id., ¶¶ 11-13).

On April 12, 2002, Plaintiff received correspondence regarding his problem from Calvert and from the FDIC by email and letter, respectively. Calvert informed Plaintiff that checking account card purchases must be posted to the customer's account and that the delay in the transaction could have been caused by a variety of reasons external to Defendant. (Def.'s 56.1(a)(3) Statement ¶¶ 14,15). Also, the FDIC informed Plaintiff that they would contact Defendant for further information and would investigate the matter. (Id., ¶ 15). Defendant subsequently provided information to the FDIC, including, but not limited to, notification that Plaintiff's overdraft fees had been refunded. On April 18, 2002, an employee of Defendant sent a letter to Plaintiff, notifying him that his account had been credited $352.35. (Id., ¶¶ 18-19).

The correspondence between Plaintiff and Defendant continued into the summer of 2002. On May 9, 2002, Yona Ferris, an employee of Defendant, per Plaintiff's request, provided Plaintiff with a general information number so that he could inquire into VISA's role in the transaction. (Def's 56.1(a)(3) Statement ¶ 22). She also again informed Plaintiff that his account had been credited $352.35. (Id., ¶ 23). In a subsequent correspondence, dated May 14, 2002, Ferris, upon inquiry by Plaintiff, informed Plaintiff that Defendant does not review the authorization dates of charges and had no way of knowing that a problem existed until Plaintiff brought it to the attention of Defendant. (Id., ¶ 24).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).

Defendant argues that summary judgment is appropriate because Plaintiff failed to notify Defendant of the problem with his account within sixty days of receiving a bank statement, as required under 12 C.F.R. § 205.11(b)(1)(i).

A financial institution shall comply with the requirements for resolving errors with respect to any oral or written notice of error from the consumer that is received by the institution no later than sixty days after the institution *sends* the periodic statement on which the alleged error is first reflected. 12 C.F.R. § 205.11(b)(1)(i) (emphasis added). In the present case, in the week of December 17, 2001, Defendant sent by mail to Plaintiff's address a monthly statement for the period of November 15 through December 14, 2001; the statement included the December 5 date in which Plaintiff made the transaction in question. The Plaintiff had sixty days from receiving the bank statement that was mailed the week of December 17, 2001, to notify the Defendant that the December 5 transaction had not been debited from his account.

However, Plaintiff failed to comply with 12 C.F.R. § 205.11(b)(1)(i) by failing to notify the Defendant of the problem until April 8, 2002, almost two months after the required sixty-day period had expired (the week of February 17, 2002).

Defendant also argues that summary judgment is appropriate because Plaintiff failed to notify Defendant in the proper manner required under § 205.11(b)(1)(iii).

The Board of Governors of the Federal Reserve System ("Board of Governors") requires the consumer to disclose the possible type, date, and amount of the error to the extent possible. 12 C.F.R. § 205.11(b)(1)(iii). The Plaintiff was aware of the amount of the alleged error when he initially notified the Defendant; however, he failed to follow the federal regulation and properly include the amount of the error claimed when he notified the Defendant.

Further, Defendant argues, in the alternative, that summary judgment is appropriate because Defendant sufficiently investigated and explained to Plaintiff that no error occurred, as required under 12 C.F.R. § 205.11.

The Board of Governors' interpretation of Section 1693f is found within 12 C.F.R. § 205.11. The Board of Governors' interpretation of its own regulations is accorded great deference. *See Udall v. Tallman*, 380 U.S. 1, 16 (1965).

The Board of Governors of the Federal Reserve System provides, in pertinent part, that:

(c) Time limits and extent of investigation —

> (1) A financial institution shall investigate promptly, and shall determine whether an error occurred within 10 business days of receiving a notice of error. The institution shall report the results to the consumer within three business days after completing its investigation. The institution shall correct the error within one business day after determining that an error occurred.

5

12 C.F.R. § 205.11(c)(1). In the present case, Plaintiff was sent a response to his April 8, 2002 email within four business days. Further, the Defendant's response indicated that an investigation had occurred and that the delay in the debiting of his account was caused by the merchant and/or VISA, not Defendant.

Lastly, Defendant argues that summary judgment is appropriate because Defendant properly followed the procedure for error resolution disclosures and notices under 12 C.F.R. § 205.7(b)(10) and 12 C.F.R. § 205.8(b).

12 C.F.R. § 205.7(b)(10) states:

> a financial institution shall provide the following disclosures as applicable:
>
> (10) Error Resolution. A notice that is substantially similar to Model Form A-3 as set out in Appendix A of this part concerning error resolution.

The Defendant issued four pamphlets entitled, "ATM AND EASYPAY CARD INFORMATION, Agreement and Electronic Fund Transfers Disclosure," to all its customers, including the Plaintiff, upon opening an account. The error resolution language contained in the four pamphlets is identical to Model Form A-3, in full compliance with the 12 C.F.R. § 205.7(b)(10) requirement.

12 C.F.R. § 205.8(b) states that, "[f]or accounts to or from which electronic fund transfers can be made, a financial institution shall mail or deliver to the consumer, at least once each calendar year, an error resolution notice substantially similar to the model form set forth in Appendix A of this part (Model Form A-3)." It is the Defendant's policy to annually mail the same four pamphlets that they issue to customers opening an account to existing customers, including the Plaintiff.

No genuine issue of material fact exists with regards to any claim Plaintiff may have pursuant to 12 C.F.R. § 205.11, 12 C.F.R. § 205.7(b)(10), and 12 C.F.R. § 205.8(b). Plaintiff's notification to Defendant did not comply with the federal regulations because he failed to provide timely and sufficiently detailed notification. Additionally, even if this were not the case, Defendant sufficiently complied with the federal regulations by investigating Plaintiff's claim, properly informing Plaintiff of the investigation, and, though not required to, crediting Plaintiff's account. Further, Defendant fully complied with the federal regulations on error resolution disclosures and notices.

For the foregoing reasons, Defendant's Motion for Summary Judgment with regards to Plaintiff's possible claims under 12 C.F.R. §§ 205.7(b)(10), 205.8(b), and 205.11 is granted.

Dated August 8, 2007

JOHN W. DARRAH
United States District Court Judge